UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Isaac C. Poole, 70593, ) | |
| ) | C/A No. 4:08-3595-GRA |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Al Cannon, Sheriff, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court to review the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed on June 19, 2009. The magistrate now recommends that this Court dismiss the plaintiff's complaint for failure to prosecute. For the reasons stated herein, this Court adopts the magistrate's recommendation.

**Procedural History**

On October 27, 2008, the plaintiff filed the instant suit for a violation of his constitutional rights. On May 13, 2009, the defendants filed a motion for summary judgment. On May 14, 2009, the magistrate issued a *Roseboro* Order. The order mailed to the defendant was returned as undeliverable. The plaintiff failed to update his address with the Clerk of Court. Therefore, the magistrate recommends dismissing this suit pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to

prosecute. A copy of the Report was mailed to the plaintiff's last known address. The plaintiff did not respond.

## Standard of Review

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff did not file any objections.

**Conclusion**

After a review of the magistrate's Report and Recommendation, applicable case law, and the record, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the plaintiff's complaint be dismissed with prejudice in accordance with Rule 41(b), Federal Rules of Civil Procedure.

IT IS SO ORDERED.

G. Ross Anderson, Jr.
Senior United States District Judge

July 15, 2009
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**
Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**